McMILLAN, Judge.
The appellant, Andre Pieree Lark, was found guilty of rape in the first degree and sodomy in the first degree and sentenced to concurrent terms of 25 years’ imprisonment.
The appellant argues that the trial court committed reversible error in allowing the prosecution to exclude jurors “on the basis of race, and in refusing to require some explanation for such action, which resulted in the State arbitrarily removing five of the six black jurors available.”
The following transpired at trial:
“[Defense Counsel]: Judge, we object and move for a mistrial. I think the State — let me look at my chart right quick. I think the State — this is a case where the victim is white and the defendant is black.
“And the State used their peremptory strikes to remove five out of six black people that were available for us to strike. We think that is a higly unusual number to be — some prima facie evidence that this defendant has been denied a representative sampling and a jury of his peers.
“We would ask that there be some rationale for the fact that five out of their seven strikes were black people.
“THE COURT: I’m going to deny your motion for the State to explain the exer *2 cise of their peremptory challenges in this case. I will give you an exception.
“I would note that one black female that was excused, Ms. Williams, indicated that she knew the Defendant and his family.”
“[A] defendant may establish a prima facie case of purposeful discrimination in selection of the petit jury solely on evidence concerning the prosecutor’s exercise of peremptory challenges at the defendant's trial.” Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 1722-23, 90 L.Ed.2d 69 (1986). The Alabama Supreme Court has indicated that a defendant must “be entitled to test the prosecution’s use of its peremptory strikes under a rule similar to the one set forth in Batson v. Kentucky.” Jackson v. State, 516 So.2d 768 (Ala.1986).
“[A] defendant may establish a prima facie case of purposeful discrimination in selection of the petit jury solely on evidence concerning the prosecutor’s exercise of peremptory challenges at the defendant’s trial. To establish such a case, the defendant first must show that he is a member of a cognizable racial group, Castaneda v. Partida, [430 U.S. 482] at 494 [97 S.Ct. 1272, 1280, 51 L.Ed.2d 498 (1977) ], and that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant’s race. Second, the defendant is entitled to rely on the fact, as to which there can be no dispute, that peremptory challenges constitute a jury selection practice that permits ‘those to discriminate who are of a mind to discriminate.’ Avery v. Georgia, [345 U.S. 559], at 562 [73 S.Ct. 891, 892, 97 L.Ed. 1244 (1953)]. Finally, the defendant must show that these facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude the veniremen from the petit jury on account of their race. This combination of factors in the empanelling of the petit jury, as in the selection of the venire, raises a necessary inference of purposeful discrimination.
“In deciding whether the defendant has made the requisite showing, the trial court should consider all relevant circumstances. For example, a ‘pattern’ of strikes against black jurors included in the particular venire might give rise to an inference of discrimination. Similarly, the prosecutor’s questions and statements during voir dire examination and in exercising his challenges may support or refute an inference of discriminatory purpose. These examples are merely illustrative. We have confidence that trial judges, experienced in supervising voir dire, will be able to decide if the circumstances concerning the prosecutor’s use of peremptory challenges creates a prima facie case of discrimination against black jurors.
“Once the defendant makes a prima facie showing, the burden shifts to the State to come forward with a neutral explanation for challenging black jurors.”
Batson v. Kentucky, 476 U.S. at 96-97, 106 S.Ct. at 1722-23.
In Jackson v. State, supra, the Alabama Supreme Court determined that Batson was to be applied retroactively under Alabama’s constitutional law. This case is therefore remanded to the trial court for it to determine whether a prima facie case of purposeful discrimination exists, and, if so, whether the prosecution is able to produce race-neutral explanations for its strikes. Should the trial court find no prima facie showing of purposeful discrimination, a return shall be filed with this court containing the evidence at this hearing and the trial judge’s findings following the hearing.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.
ON RETURN TO REMAND
McMILLAN, Judge.
Following a hearing, the trial court has determined that a prima facie case of purposeful discrimination was established as to the prosecutor’s use of peremptory strikes in excluding five of the six blacks on the venire from jury service. The appellant is therefore entitled to a new trial. *3 Jurisdiction of this cause is remanded to the circuit court. This appeal is moot and is, therefore, dismissed.
OPINION EXTENDED; APPEAL DISMISSED.
All the Judges Concur.